# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| v. ) | |
| ) | **No. 04-20124-KHV** |
| **CHRIS FOLKERS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

On September 16, 2004, a grand jury returned a three-count indictment which charged Chris Folkers with violations of 26 U.S.C. § 7206(1) including (1) wilfully filing a false United States Individual Income Tax Return (Form 1040) for calendar year 1999 on March 10, 2000; (2) wilfully filing a false Application for Tentative Refund (Form 1045) for calendar years 1997 and 1998 on April 17, 2000; and (3) wilfully filing a false United States Individual Income Tax Return (Form 1040) for calendar year 2000 on April 10, 2001. See Superseding Indictment (Doc. #15). On September 6, 2006, defendant filed a motion for discovery related to a selective prosecution defense. See Motion For Discovery Regarding Motion To Dismiss Superseding Indictment For Selective Prosecution (Doc. #43). On January 31, 2007, the Court conducted an evidentiary hearing on the motion, and subsequently determined that defendant had presented some evidence which tended to show the essential elements of a selective prosecution claim. It therefore ordered the government to produce information regarding certain individuals related to defendant's possible selective prosecution defense. See Memorandum And Order (Doc. #65) filed February 28, 2007, at 8-11. This matter comes before the Court on the Motion To Reconsider (Doc. #66) which the government filed March 14, 2007, and the Motion For Leave To Amend Motion To Reconsider (Doc. #67) which the government filed March 15, 2007. For reasons

stated below, the Court sustains the motion for leave and overrules the motion to reconsider.[1]

The factual background of this case is set forth in the Court's previous Memorandum And Order (Doc. #65) and will be repeated only as it relates to the immediate motion to reconsider.

Under D. Kan. Rule 7.3(b), a party may file a motion to reconsider based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. See also United States v. Renteria, No. 04-20115-JWL-20, 2006 WL 3544877, at *1 (D. Kan. Dec. 8, 2006) (motion to reconsider in criminal case essentially same as motion to alter or amend in civil case); United States v. D'Armond, 80 F. Supp.2d 1157, 1170-71 (D. Kan. 1999) (applying D. Kan. Rule 7.3(b) in criminal case). The government cites both manifest injustice and clear error as grounds for reconsideration.

**I.   Manifest Injustice**

The government argues that the Court should reconsider its order to prevent manifest injustice because the order "makes it appear the investigators and prosecutor acted in an arguably unethical fashion." Specifically, the government argues that the Court improperly stated that (1) "the government is prosecuting defendant because he refused to cooperate," and (2) "[t]he absence of a valid basis for prosecution may support defendant's selective prosecution claim."

**A.   Defendant's Cooperation**

In its order on the motion for discovery, the Court noted that the government had argued that it was prosecuting defendant because he refused to cooperate. The government claims that it has never argued that defendant is being prosecuted because he did not cooperate. This contention, however, is

---

[1] The government asks for leave to amend a typographical error on page four of the motion to reconsider. The Court sustains the motion for leave to amend, and considers the motion to reconsider as amended.

without merit. At the hearing on January 31, 2007, the government specifically argued that defendant could not show that he was similarly situated to other individuals who were not prosecuted because he could not show that those individuals had refused to cooperate. This argument clearly suggests that defendant was not prosecuted selectively because his refusal to cooperate distinguished him from other individuals (involved with Anderson Ark and Associates ("AAA")) who claimed bogus tax deductions, but were not prosecuted.

Furthermore, even if the Court incorrectly imputed that argument to the government, the government's briefing on the motion for discovery and its arguments at the hearing on January 31, 2007, refutes any claim that the Court has unjustly impugned the credibility of the investigators and prosecutors in this case. For example, in its response to defendant's motion for discovery, the government stated as follows:

> The prosecution of someone who has committed a crime and has the ability to cooperate against higher-level criminals, in the hope that the person will then act on that ability and receive lenient treatment, has long been a tenet of American jurisprudence. It is not vindictive for the government to seek such a prosecution.

<u>Response To Defendant's Motion For Discovery Regarding Motion To Dismiss Indictment For Selective Prosecution</u> (Doc. #54) filed January 11, 2007, at 5. The Court's original order did not mistakenly state that the government claimed to be prosecuting defendant because he refused to cooperate.

### B. Valid Basis For Prosecution

In its order on the motion for discovery, the Court noted that "[t]he absence of a valid basis for prosecution may support defendant's selective prosecution claim." The government argues that this constitutes a premature finding of fact which misapprehends defendant's argument. The Court disagrees. The language which the government finds objectionable is simply a statement of the law, not

3

a finding of fact. In sustaining the motion for discovery, the Court was only concerned with whether defendant had introduced some evidence which tended to show the essential elements of a selective prosecution claim; the Court made no attempt to reach the merits of such claim. The Court did not make a premature or mistaken finding of fact and it will not modify its original order on that ground.

## II.     Clear Error

The government argues that the Court clearly erred in finding that in support of the motion for discovery, defendant had presented some evidence of discriminatory purpose. Specifically, the government challenges the Court's findings that defendant maintained his right to remain silent during his interviews with IRS Agents Jeff Trogden and David Thompson, and that the government apparently decided to prosecute defendant because it became frustrated with him. The Court disagrees that either of these findings it clearly erroneous.

A memorandum of an interview with defendant on March 1, 2001, prepared by Agents Trogden and Thompson, indicates that defendant refused to answer the agents' questions regarding Eby Parkland Marketing, LLC, a "Look Forward Partnership" which comprised part of the Complex Business Organization at issue in this case. See Government's Exhibit 2, at 5. The same memorandum also indicates that defendant continued to defend the legitimacy of the AAA investment scheme. See id. at 4. A memorandum of an interview with defendant on July 19, 2002, prepared by Agent Trogden, indicates that because defendant was represented by an attorney, he refused to answer any questions which were not submitted to him in writing. See Government's Exhibit 3, at 1.

As the Court noted in its order on the motion for discovery, based on a sampling of grand jury testimony in a related case, defendant has produced some evidence tending to show that the government has not prosecuted similarly situated persons. See Defendant's Exhibit 408. This evidence, coupled

4

with the evidence that the government prosecuted defendant after he refused to answer certain questions and relied on the help of an attorney, suggests that the government singled defendant out for prosecution based on his exercise of the rights to free speech and counsel.  Because plaintiff may satisfy the discriminatory purpose prong of this selective prosecution claim through circumstantial evidence, United States v. Alcaraz-Arellano, 441 F.3d 1252, 1264 (10th Cir. 2006), the Court finds that its original order is not clearly erroneous.

**IT IS THEREFORE ORDERED** that the Motion For Leave To Amend Motion To Reconsider (Doc. #67) which the government filed March 15, 2007 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the Motion To Reconsider (Doc. #66) which the government filed March 14, 2007 be and hereby is **OVERRULED**.

Dated this 5th day of April, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge