IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 04-20124-KHV |
| CHRIS FOLKERS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On September 16, 2004, a grand jury returned a three-count indictment which charged Chris Folkers with violations of 26 U.S.C. § 7206(1) including (1) willfully filing a false United States Individual Income Tax Return (Form 1040) on March 10, 2000, for calendar year 1999, which reported $386,111 in losses from partnerships and S corporations when defendant had no such losses; (2) willfully filing a false Application for Tentative Refund (Form 1045) on April 17, 2000, for calendar years 1997 and 1998, which reported net operating loss deductions of $306,405 for 1997 and $233,008 for 1998 when defendant had no such net operating losses; and (3) willfully filing a false United States Individual Income Tax Return (Form 1040) on April 10, 2001, for calendar year 2000, which reported net operating losses of $156,003 when defendant had no such net operating losses. See Superseding Indictment (Doc. #15). This matter is before the Court on defendant's Motion In Limine (Doc. #97) and Motion To Dismiss Re: Judicial Estoppel (Doc. #101), both filed March 21, 2008, and defendant's Motion To Allow Filing Out Of Time (Doc. #109) filed March 28, 2008. For reasons stated below, the Court overrules the motions.

### Factual Background

The Court has set forth a detailed description of the facts of this case in its previous orders.

See Memorandum And Order (Doc. #65) filed February 28, 2007 at 2-3; Memorandum And Order (Doc. #84) filed December 7, 2007 at 2-4.  The Court will repeat those facts only as necessary.

## Analysis

**I.     Motion In Limine**

Defendant requests that the government and its witnesses not be allowed to refer to him as a "tax protester" or as his own sovereign, and that they be prohibited from referring to the AAA tax program as a "sham," "scam" or "scheme."  Defendant argues that these terms are unduly prejudicial under Rule 403, Fed. R. Evid., which permits the Court to exclude relevant evidence where "its probative value is substantially outweighed by the danger of unfair prejudice."  The government responds that it does not intend to refer to defendant as a tax protester or as his own sovereign.  The government further argues that it should not be required to script the testimony of its witnesses and that the import of these references is for the jury to decide.  The Court agrees that these references are not inflammatory per se, and it finds no reason to impose a blanket ban on their use before trial. Should the use of such references raise particular concerns in the course of trial, defendant may re-assert his objections as necessary.

Defendant requests that the government and its witnesses not be allowed to discuss Renaissance, Inc., a tax reduction business whose founder, Michael Cooper, recently came before the Honorable Carlos Murguia on charges of tax fraud.  The jury convicted Cooper on several counts. Defendant argues that he was not connected with Renaissance, and that reference to that business may confuse and inflame the jury.  The government responds that when IRS agents first questioned defendant, he disclosed that he had consulted Renaissance accountants, marketed its products and received income and record-keeping advice from the company.  The government further argues that

any risk of prejudice can be addressed in voir dire. The government arguments suggest that defendant's involvement with Renaissance may be relevant to whether he understood the workings of a tax investment scheme. The Court agrees that any potential prejudice may be resolved in voir dire and, at this point, finds no reason to preclude the government or its witnesses from discussing Renaissance. Again, defendant may re-assert his objection at trial if necessary.

Defendant requests that the government and its witnesses not be allowed to reveal that he filed for bankruptcy in 1998. The government responds that the bankruptcy discharge in 1998 casts doubt on the legitimacy of the $400,000 loan which defendant obtained in 1999. The Court agrees that defendant's bankruptcy, which occurred shortly before he obtained a sizable loan, is potentially relevant to the issue whether defendant legitimately obtained that loan, which, in turn, may reflect on defendant's good faith in claiming the loan as a net operating loss.

Defendant requests that the government and its witnesses not be allowed to introduce the convictions of other AAA investors because such convictions create the risk of guilt by association. The government argues that such evidence is fair game if the Court permits investor witnesses to testify as to their own impressions of the legitimacy of the AAA program. Because the Court intends to address the permissible scope of other investors' testimony within the context of the trial, it will likewise defer the issue of third party convictions until that time.

Altogether, defendant's motion in limine is overruled without prejudice to defendant's ability to re-assert these arguments during trial as necessary.

**VII. Motion To Dismiss**

Defendant argues that the Court should dismiss the indictment on the basis of judicial estoppel because the government has assumed contradictory positions in various prosecutions of those

involved in the AAA program. The doctrine of judicial estoppel is based on protecting the integrity of the judicial system by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." Bradford v. Wiggins, 516 F.3d 1189, 1194 (10th Cir. 2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001)). In applying judicial estoppel, courts typically consider whether (1) a party's later position is clearly inconsistent with its earlier position, (2) a party has persuaded a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled, and (3) the party seeking to assert the inconsistent position would derive an unfair advantage if not estopped. Id. Because of the harsh results attendant with precluding a party from asserting a position that would normally be available to the party, judicial estoppel must be applied with caution. Id.

In support of his motion, defendant cites the government position in this case that he willfully participated in the fraudulent AAA program. Defendant argues that this position is inconsistent with the government's prosecution of AAA principals in the United States District Court for the Western District of Washington, where the government argued that the principals had defrauded low-level investors. Defendant's basic contention is that the government cannot treat him as a dupe in the first instance, but highly culpable in the second. The government argues that its positions are not inconsistent because defendant was not identified as a victim in the prosecution of the AAA principals.

The government response attaches a summary of restitution which the District Court in Washington ordered AAA principals to make to AAA investors after a jury convicted them of fraud. This list does not identify defendant as a recipient of restitution or otherwise suggest that the

government claimed that defendant was a victim of fraud by AAA principals in that case. Defendant cites no record evidence that the government believed – let alone argued to the court – that he was duped by AAA principals. To find the government's positions inconsistent, the Court would have to infer that the government intended to treat defendant as a victim without expressly saying so or including him in the restitution order. Because the Tenth Circuit instructs that judicial estoppel is to be applied with caution, the Court will not impute to the government any position which is not clear from the record. Without evidence that the government has previously taken the position that this defendant was a victim in the AAA investment scheme, the Court will not preclude the government from arguing in this case that defendant willfully filed false tax returns in association with the AAA program. Accordingly, defendant's motion to dismiss is overruled.[1]

**IT IS THEREFORE ORDERED** that defendant's <u>Motion In Limine</u> (Doc. #97) filed March 21, 2008 be and hereby is **OVERRULED without prejudice**.

**IT IS FURTHER ORDERED** that defendant's <u>Motion To Dismiss Re: Judicial Estoppel</u> (Doc. #101) filed March 21, 2008 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's <u>Motion To Allow Filing Out Of Time</u> (Doc. #109) filed March 28, 2008 be and hereby is **OVERRULED as moot**.

Dated this 8th day of April, 2008 at Kansas City, Kansas.

                                      s/ Kathryn H. Vratil
                                      KATHRYN H. VRATIL
                                      United States District Judge

---

[1] The government argues that the motion to dismiss is untimely. In light of the Court's ruling, the question whether the motion is untimely is moot and defendant's motion for leave to file the motion to dismiss out of time is overruled as such.